IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                        No. 06-cr-40061-JPG

OTIS ELION,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's amended motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 92). The Government has responded to the motion (Doc. 99), and Elion has replied to that response (Doc. 103).

The Court sentenced the defendant in June 2007 to be imprisoned for 200 months, followed by a term of supervised release, for distribution of less than 5 grams of crack cocaine. The Court sentenced him under an enhanced statutory range set forth in 21 U.S.C. §§ 841(b)(1)(C) and 851—no more than 30 years in prison and no less than 6 years of supervised release. He served his prison time and was released. Since then, he has violated his terms of supervised release. In April 2017, the Court revoked his supervised release and sentenced him in another criminal case for the same conduct that sparked his revocation (4:16-cr-40046-JPG). The Court imposed consecutive sentences of 33 months of imprisonment for the revocation and 167 months of imprisonment for the other criminal case.[1] The Court imposed the 33-month revocation sentence under the "no more

---

[1] It is unclear from the written judgments which sentence is to run first. The written judgment in each case states that the sentence in that case is to run consecutive to the sentence in the other case. However, the transcript of the sentencing hearing reveals that the Court intended the 33-month revocation sentence to run consecutive to the 167-month sentence on the new criminal offense.

than 3-year" revocation statutory range set forth in 18 U.S.C. § 3583(e)(3) for a class B felony, *see* 18 U.S.C. § 3559(a)(2) (defining a class B felony as a crime where the maximum term of imprisonment is 25 years or more).

The defendant now asks the Court to reduce his 33-month revocation sentence in light of § 404 of the First Step Act.[2]  Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b).  In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.  The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First

---

[2] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Step Act, § 404(a).  Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.  First Step Act, § 404(c).  In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.  *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

Elion asks the Court for a reduction to reflect good time credit created by the First Step Act that he was not given on his original sentence.  He also points to his positive accomplishments in prison, namely, completion of his GED and numerous vocational and other educational courses, and holding down various prison jobs.  He argues that since his original offense is a "covered offense," he is eligible for a reduction of any sentence imposed on a revocation of the original term of supervise release, which was a part of the penalty for his original offense.

The Government contends the defendant is not eligible for a reduction under the First Step Act.  It concedes that his original federal offense occurred before August 3, 2010, but argues that the Fair Sentencing Act did not modify the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(C) under which he was sentenced.  Alternatively, if the defendant were eligible for a reduction, the Government urges the Court to deny one.  It points to his substantial criminal history, some of which did not count in his criminal history category calculation.  It acknowledges that while the defendant may have had positive accomplishments in prison, those are overshadowed by his immediate return to drug dealing upon his release.

<u>Eligibility for Reduction</u>

The Court first considers the question of whether the defendant is eligible for a sentence reduction and finds he would be eligible for a reduction of his original sentence.  Although the Fair

Sentencing Act did not expressly modify the penalties for the statute under which the defendant was sentenced, 21 U.S.C. § 841(b)(1)(C), it did so indirectly by modifying the parameters of the crimes that fell within that provision from anything less than 5 grams of crack cocaine to anything less than 28 grams of crack cocaine. The Court believes this is sufficient to say the statutory penalties "were modified by section 2 or 3 of the Fair Sentencing Act of 2010," First Step Act, § 404(a), even if the statutory penalty to which Elion was actually subject based on the drug amount of his specific crime was not. *See Shaw*, 957 F.3d at 739.

The eligibility question is somewhat complicated because the defendant is now serving a term imposed after revocation of his original supervised release term, not his original term of imprisonment or pre-revocation supervised release. However, the Supreme Court has been clear that the sentence imposed for revocation of a term of supervised release constitutes part of the sentence for the original offense. *Johnson v. United States*, 529 U.S. 694, 700-01 (2000); *see United States v. Haymond*, 139 S. Ct. 2369 (2019) (plurality). Consequently, since the defendant's original offense was a "covered offense" under the First Step Act, he is eligible for a reduction of his revocation sentence because it is punishment for that "covered offense." *See United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). Whether the Court grants him such a reduction is at its discretion.

Discretion to Reduce Sentence

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not

holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").  Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.  Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion.  *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

Had the defendant been sentenced today for revocation of supervised release imposed for the offense of distribution of less than 5 grams of crack cocaine, all of his sentencing ranges would have been the same.  Elion's statutory sentencing range for the original offense would have been the same both before and after the Fair Sentencing Act—no more than 30 years in prison and no less than 6 years of supervised release.  *See* 21 U.S.C. §§ 841(b)(1)(C) & 851.  Thus, his original offense was and remains a class B felony because the maximum statutory sentence was 25 years or more.  18 U.S.C. § 3559(a)(2).  Therefore, pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment that the Court could impose upon revocation was 36 months, the same statutory range that would have applied if Elion's original crime had occurred after the Fair Sentencing Act.  Likewise, the guideline sentencing range of 33 to 36 months would stay the same.  The Fair Sentencing Act simply made no changes to the relevant framework for his sentencing.  The Court's prior consideration of the § 3553(a) factors explained at the revocation

sentencing remains valid.

The Court does not give great weight to Elion's plea that he receive retroactive sentence credit for new credits contemplated by the First Step Act.  Elion can seek appropriate credit from the Bureau of Prisons, and if he disagrees with that good time credit calculation, he may file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.  The pending motion is not the appropriate place to resolve sentence credit disputes.

The Court further notes that, while Elion has done some good things in prison, he returned to dealing drugs a little more than two months after beginning his supervised release term, although he diversified from crack cocaine to methamphetamine.  He has a horrendous criminal history, and his first term of incarceration did not do anything to increase his respect for the law, to decrease his danger to the community from his commitment to dealing drugs, or to deter him from committing future crimes.  As noted above, the Court took these and other § 3553(a) factors into consideration when it concluded that a 33-month sentence of imprisonment—imposed consecutive to a 167-month term for his new offenses—was sufficient, but not greater than necessary, to comply with the purposes of sentencing.  The framework for considering these factors—the applicable statutory and guideline sentencing ranges—has not changed, and the 33-month sentence remains appropriate.

For the foregoing reasons, the Court exercises its discretion to **DENY** the defendant's motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 92).

**IT IS SO ORDERED.**
**DATED:   September 3, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
